Jamie CLARK, on behalf of herself and all others similarly situated, Plaintiff–Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 10–17071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2011.

Filed Dec. 7, 2011.

Matthew L. Sharp, Esquire, Matthew L. Sharp, Ltd., Curtis Brent Coulter, Esquire, Law Offices of Curtis B. Coulter, P.C., Reno, NV, Ronald Parry, Parry Deering Futscher & Sparks PSC, Covington, KY, for Plaintiff–Appellant.

Albert F. Pagni, Esquire, Molly Malone Rezac, Jones Vargas, Reno, NV, Phillip Edward Stano, Esquire, Steuart Hill Thomsen, Srikanth Vadakapurapu, Esquire, Sutherland Asbill & Brennan LLP, Washington, DC, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, FARRIS, Circuit Judge, and GETTLEMAN, District Judge.*

### MEMORANDUM **

The uncontested facts establish that plaintiff suffered no damages from defendant's management of the Total Control Account Money Market Option ("TCA"). The district court thus properly granted summary judgment for defendant on plaintiff's breach of contract claim. *See Brown v. Kinross Gold U.S.A., Inc.,* 531 F.Supp.2d 1234, 1240 (D.Nev.2008) (quoting *Saini v. Int'l Game Tech.,* 434 F.Supp.2d 913, 919–20 (D.Nev.2006)). The undisputed facts further show that plaintiff's status as a TCA holder did not create the sort of relationship necessary to establish a Nevada state-law claim for breach of duties arising from a special or confidential relationship. The district court was therefore correct to grant summary judgment on that claim as well. *See Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865, 881–82 (9th Cir.2007).

**AFFIRMED.**

---

* The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.